# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DINH KIM HUYNH,**

      Petitioner,

v.                                    **CIVIL ACTION NO. 3:06cv125**
                                         **(Judge Bailey)**

**DOMINIC A. GUTIERREZ,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 6, 2006, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, requesting that the court grant him the last six months of his sentence at a halfway house or home confinement. On November 27, 2006, the petitioner paid the $5.00 filing fee. On February 13, 2007, the court ordered the respondent to show cause why the petition should not be granted. On March 28, 2007, the respondent filed a Response to the Show Cause Order and a Motion to Dismiss. On March 30, 2007, a Roseboro Notice was issued to which the petitioner did not reply.

### II. FACTS

On February 27, 2006, the United States District Court for the District of Maryland sentenced petitioner to an eighteen month sentence, to be followed by a three year term of supervised release, for Evasion of Federal Income Taxes in violation of 26 U.S.C. § 7201. Petitioner self-surrendered to FCI Morgantown on May 15, 2006.

Petitioner had his initial classification meeting with his Unit Team on June 5, 2006. At the meeting, he was told that his referral to a Community Correctional Center ["CCC"][1] would be discussed

---

[1] In 2006, the Bureau of Prisons changed the term Community Corrections Center (CCC) to Residential Reentry Center ["RRC"]. However, for purposes of this Report and Recommendation, the term "CCC" will continue to be used.

with him when he was eleven to thirteen months from his release date. Petitioner met with his unit team on September 19, 2006, for a progress review. At that meeting, he was told he was being recommended for halfway house placement on July 20, 2007.

On October 12, 2006, the petitioner filed a Motion for Modification of Sentence in the United States District Court the District Court of Maryland. That motion was denied on November 3, 2006. Thereafter, the petitioner filed for habeas relief with this Court. In his petition, the petitioner challenges the Bureau's policy of not transferring inmates to a CCC placement until the last 10% of their sentence and alleges that this policy has been held invalid by the Second Circuit Court of Appeals. See Levine v. Apker, 455 F.3d 71 (2nd Cir. 2006). The petitioner further alleges that the BOP "must consider the factors set forth in Title 18 U.S.C. § 3621(b)." As relief, the petitioner, in effect, requests that this Court order the BOP to place in a CCC or on home confinement for the last six months of his sentence. As further support for this requested relief, the petitioner asks the Court to consider his wife's poor health, his daughter's poor school performance, and the fact that his business has been declining under his son's management.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's determination that he is not eligible for placement in a CCC until July 20, 2007, and seeks an order directing that he be placed in a CCC or on home confinement for the last six months of his sentence, which would have begun on or about March 4, 2007.

The petitioner's projected release date via good conduct time was September 4, 2007, and his

full term release date was November 13, 2007. Accordingly, the undersigned has consulted the Bureau of Prisons' inmate locator and has discovered that the petitioner was released from the custody of the Bureau of Prisons on September 4, 2007.[2] Inasmuch as the petitioner's request for relief was an order directing his placement in a halfway house or on home confinement for the last six months of his incarceration, and the petitioner is no longer even in the custody of the Bureau of Prisons, this case is now moot.

## IV.  **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Dckt. 1) be **DISMISSED AS MOOT** and the respondent's Motion to Dismiss (Dckt,. 14) be **DENIED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

---

[2] See www.bop.gov

DATED: September 6, 2007

       /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE